Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

## BALT. & O. R. CO. v. GROEGER

U. S. Appeals, Sixth Circuit. Decided April 13, 1923. No. 3775. 288 Fed. 321

NEGLIGENCE—(1) Expert evidence not conclusive—(2) Cause of explosion of locomotive boiler question of fact for jury—(3) Failure to properly equip locomotive question of fact for jury—(4) Duty under Boiler Inspection Act.

DONAHUE, C. J.

### Epitomized Opinion

This is an action by the administratrix of Groeger against the B. & O. Railroad for wrongful death. Groeger was an engineer on the B. & O. and was killed by a boiler explosion while operating an interstate train. The evidence disclosed that the boiler had seven broken staybolts. During the trial expert evidence was introduced tending to show that these broken staybolts contributed in no way to the explosion. The jury returned a verdict for the plaintiff whereupon the defendant prosecuted error. In affirming the judgment of the lower court, the Court of Appeals held:

1. Expert evidence in reference to the ultimate question of fact for the determination of the jury may be helpful, but is not controlling. Notwithstanding this expert evidence the question was one for the jury to decide, from all the evidence, whether these broken stayblots caused or contributed to the explosion.

2. Whether the explosion of the locomotive boiler was caused by the manner in which it was operated or by its defective condition was a question of fact for the jury.

3. Whether failure of a railroad company to equip the boiler of a locomotive with a fusible plug was negligence was a question of fact for the jury.

4. Under the general provisions of the Boiler Inspection Act No. 2, Compiled Statutes, No. 8631 making it unlawful for any carrier subject to the act to use any locomotive engine unless the boiler is in proper condition and safe to operate without unnecessary peril to life or limb, the fact that the Interstate Commerce Commission has not by rule or order covered every feature of construction does not relieve a railroad company from responsibility for using a locomotive with a defective and unsafe boiler.

Attorneys—W. T. Kinder, for B. & O. Railroad Co.; E. C. Chapman, for Groeger.